Nicanor **VEGA–ROBLES**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–71997.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 23, 2007.

Nicanor Vega–Robles, Monterey Park, CA, pro se.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Donald A. Couvillon, Esq., Claire L. Workman, Esq., Justice Department, Civil Division, Immigration Litigation Office, Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

MEMORANDUM **

Nicanor Vega–Robles, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("Board") summary affirmance without opinion of an immigration judge's denial of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss in part, deny in part, and remand in part the petition for review.

We lack jurisdiction to review the agency's discretionary hardship determination, as well as petitioner's non-colorable claim that the agency failed to consider adequately all the hardship factors in his case. See Martinez–Rosas v. Gonzales, 424 F.3d 926, 930 (9th Cir.2005).

Although we retain jurisdiction to review colorable legal and constitutional challenges, see 8 U.S.C. § 1252(a)(2)(D), petitioner's equal protection and due process challenges to the Nicaraguan and Central American Relief Act ("NACARA") are foreclosed, see Jimenez–Angeles v. Ashcroft, 291 F.3d 594, 602–03 (9th Cir. 2002) ("Congress's decision to afford more favorable treatment to certain aliens 'stems from a rational diplomatic decision to encourage such aliens to remain in the United States' "); Hernandez–Mezquita v. Ashcroft, 293 F.3d 1161, 1165 (9th Cir. 2002) (rejecting a due process challenge because petitioner failed to demonstrate that he was deprived of a qualifying liberty interest).

Petitioner's contention that the Board's streamlined decision fails to provide the minimal review necessary to comport with due process is also foreclosed. Falcon Carriche v. Ashcroft, 350 F.3d 845, 849–52 (9th Cir.2003) (rejecting constitutional challenge to streamlining regulations).

In Padilla–Padilla v. Gonzales, 463 F.3d 972, 981 (9th Cir.2006), we held "that because the [Board] issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." Be-cause the Board erred when it issued a streamlined decision and reduced the voluntary departure period from 60 to 30 days, we grant the petition for review in part and remand for reinstatement of the 60–day voluntary departure period.

We have considered petitioner's remaining contentions and find them unpersuasive.

**PETITION FOR REVIEW DISMISSED in part, DENIED in part, GRANTED in part, and REMANDED.**